**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS ANDREW WINTER, | No. 13-15513 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-00543-KJM-EFB |
| v. | |
| A. K. SCRIBNER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted May 14, 2014
San Francisco, California

Before: GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

Petitioner Thomas Andrew Winter appeals the district court's denial of his

petition for habeas corpus. *See* 28 U.S.C. § 2254. We have jurisdiction under 28

U.S.C. §§ 1291 and 2253(a), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** Winter first argues that the state court unreasonably applied *Miranda v. Arizona*, 384 U.S. 436 (1966), in holding that custody did not attach until Winter made his second oral request to leave the police interrogation and that Winter's statements made before that point were therefore admissible. The state court identified the correct legal standard for determining the point of custody when it inquired whether "there was a restraint of person similar to an arrest, and . . . whether, viewed objectively, a reasonable person would have felt free to leave." *See Yarborough v. Alvarado*, 541 U.S. 652, 662–65 (2004). When asked, Winter voluntarily agreed to go to the station to answer some questions. Moreover, he was advised that he was not under arrest and was free to leave. In light of these facts, the state court's determination that Winter was not in custody until the officers ignored his second request to leave was neither contrary to nor an unreasonable application of Supreme Court precedent, nor an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d). Winter is therefore not entitled to relief on this claim.

**2.** Winter next argues that the state court's determination that the trial court properly admitted his post-*Miranda* statements constituted an unreasonable application of *Oregon v. Elstad*, 470 U.S. 298 (1985). We disagree. Under the rule set forth by the Supreme Court in *Elstad*, "a suspect who has once responded

to unwarned yet uncoercive questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite *Miranda* warnings." *Id.* at 318. Winter's arguments that the officers in this case deliberately delayed giving him warnings and exploited his pre-*Miranda* statements appear to rest on *Missouri v. Seibert*, 542 U.S. 600, 621–22 (2004) (Kennedy, J., concurring). But *Seibert* does not govern this case because it had not yet been issued when the state court decided Winter's case and, accordingly, was not the clearly established federal law. *See Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir.), *cert. denied*, 134 S. Ct. 234 (2013). *Elstad*, which was the governing case at the time, does not clearly prohibit the admission of post-*Miranda* statements where officers use a defendant's pre-*Miranda* statements to aid their post-*Miranda* interrogation.

3.      Winter also argues that his confession was not admissible because his statements were coerced. The state court determined that the interrogation was not coercive. This determination was neither contrary to nor an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts in light of the evidence. *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). Accordingly, Winter is not entitled to habeas relief on this ground.

-3-

**4.** Finally, we reject Winter's argument that the state court unreasonably determined that Winter did not unequivocally invoke his right to remain silent. Neither Winter's: (1) inquiries as to whether he could leave; (2) requests to speak with his mother; nor (3) statements indicating "that's all I have to say on the whole thing" so clearly invoked his right to remain silent that the state court's determination to the contrary may be deemed unreasonable.

**AFFIRMED.**